## Eisler, Appellant, v. Marshall.

*Vendor and vendee—Option—Notice of election—Principal and agent.*

Where eight persons execute an option to sell land, and each person is entitled to notice of the election to exercise the option, and the option is to expire on a day named, a written notice of the election to purchase dated on the last day of the option, addressed to each of the owners, but served upon one of them only, will bind only the person served, if it appears that such person had no authority from the others to sell the land, or to accept service of the notice provided for in the option.

Argued Oct. 28, 1910.  Appeal, No. 167, Oct. T., 1910, by plaintiff, from decree of C. P. No. 2, Allegheny Co., Oct. T., 1909, No. 626, dismissing bill in equity in case of Luella Eisler v. Samuel S. Marshall et al.  Before Brown, Mestrezat, Potter, Elkin, Stewart and Moschzisker, JJ.  Affirmed.

Bill in equity for specific performance.  Before Frazer, P. J.

The opinion of the Supreme Court states the case.

*Error assigned* was decree dismissing the bill.

*James S. Campbell*, for appellant.

*John D. Brown*, for appellees, was not heard.

Per Curiam, January 3, 1911:

The agreement which the appellant would have specifically enforced gave her the right to purchase, within two years from its date, certain coal, upon giving written notice to the appellees of her election to do so.  The agreement was executed October 9, 1906 and the option under it expired October 9, 1908.  The ownership of the coal was in eight persons—the parties of the first part to the agreement—which was signed by each of them, and each was entitled to written notice from the appellant of her election to exercise her rights under it.  On October 9, 1908—the day the option expired—a written notice of such election, addressed to the appellees was served upon D. P. Marshall, one of the parties of the first part to the agreement, but, under the court's finding—fully justified by the evidence—that he was the agent of the other seven only in certain matters and with limited powers, and had no authority from them to sell the coal or to accept for them the notice provided for in the agreement of the appellant's election to purchase, the bill was properly dismissed as to all but him for want of notice.

Decree affirmed at appellant's costs.